WRIGHT, Presiding Judge.
This case involves the enforcement of a foreign judgment in a child custody case.
On April 21, 1984, a male child was born to Angela Pintor Martinez in Marrero, Louisiana. Martinez is a Mexican alien who speaks only Spanish. On April 23, 1984, Martinez and her interpreter signed a document authorizing Richard and Patricia Reed of Opelika, Alabama, to take custody of the child. The Reeds returned to their home in Alabama, with the child.
In July 1984, the Lee County Juvenile Court upon petition of the Reeds alleging dependency of the child, held a hearing and granted temporary custody of the child to the Reeds. The court stated that a disposi-tional order would be entered after consideration of an evaluation of the Reeds’ home.
In November 1984, the Lee County Juvenile Court determined that the child was a dependent child within the meaning of § 12-15-1(10), Code of Alabama 1975. Temporary custody of the child was to remain with the Reeds.
In March 1985, the Civil District Court for the Parish of Orleans in Louisiana rendered a judgment stating that the parental rights of Angela Martinez continued because they had not been terminated as required by Louisiana law. The judgment ordered the return of the child to his natural mother in Louisiana, since the Reeds did not have lawful custody of the child.
In April 1985, Martinez filed a petition for registration and enforcement of this Louisiana judgment with the Lee County Circuit Court under provisions of §§ 30-3-35, -36, Code of Alabama 1975. In July 1985, the Lee County Circuit Court issued an order denying Martinez’s petition for registration and enforcement. This order further stated that Lee County Juvenile Court continued to have and properly exercise jurisdiction over this matter to the exclusion of other courts.
Martinez appealed to this court from the order of the Lee County Circuit Court. The appeal was stayed pending a federal court disposition of a case filed in a federal district court in Louisiana to determine which state, Alabama or Louisiana, had jurisdiction to determine custody of the child under the Federal Parental Kidnapping Prevention Act (PKPA) 28 U.S.C.A. § 1738A.
In November 1985, the United States District Court for the Eastern District of Louisiana entered a judgment with a memorandum opinion. The court determined that the Louisiana custody judgment was made consistent with the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A, and that the said judgment is therefore entitled to recognition and enforcement by Alabama courts. The United States Court *10 of Appeals, Fifth Circuit, affirmed that decision on appeal.
In February 1986, Martinez filed with this court a motion to remand to the Lee County, Alabama, Circuit Court for enforcement of the Louisiana judgment. In the motion and the supporting memorandum, she asks this court to vacate the Lee County Circuit Court order which denied the registration and enforcement of the Louisiana judgment. She further asks that this case be remanded to the Lee County Circuit Court with direction that the court promptly enforce the Louisiana custody judgment.
When Congress passed the Parental Kidnapping Prevention Act, it was seeking to deal with situations in which two states have rendered inconsistent custody decrees. Flood v. Braaten, 727 F.2d 303 (3rd Cir.1984). Under 28 U.S.C.A. § 1738A, only one state at a time is allowed to exercise jurisdiction in custody matters. All other states are required to enforce a custody determination made in accordance with § 1738A. In cases where two states have rendered custody decrees, the federal courts can identify which state has asserted jurisdiction in violation of the federal statute. Heartfield v. Heartfield, 749 F.2d 1138 (5th Cir.1985).
When a federal court has determined the parties’ rights under a federal statute, this decision is binding until reversed by an appellate court or modified or set aside by the court rendering the decision. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).
Under the doctrine of res judicata, there can be no relitigation of any claims or defenses which the parties raised or could have raised in a prior federal court action brought under federal question jurisdiction. Aerojet-General Corp. v. Askew, 511 F.2d 710 (5th Cir.1975). The federal courts have determined that Alabama does not have jurisdiction in this matter and, therefore, the issue of jurisdiction is res judicata.
We grant the motion to remand and direct the Lee County Circuit Court to grant the petition to register and enforce the Louisiana custody judgment. Upon such order by the Lee County Circuit Court, the appeal will be dismissed.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.